UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>         Plaintiff,<br>   v.<br>ANDERSON,<br>         Defendant. | Case Nos.  14-cr-00576-SI-1<br><br>16-cv-05426-SI<br><br>**ORDER DENYING STAY**<br>Re: Dkt. No. 49 in 14-cr-00576-SI-1 |

Before the Court is the government's motion to stay this 28 U.S.C. § 2255 proceeding pending the United States Supreme Court's resolution of *Beckles v. United States*, No. 15-8544 (cert. granted June 27, 2017), which considers: (1) whether the holding in *Johnson v. United States*, 135 S. Ct. 2251 (2015), applies to the residual clause in United States Sentencing Guidelines (U.S.S.G.) § 4B1.2(a)(2) (defining "crime of violence"); (2) if so, whether *Johnson*'s invalidation of the residual clause applies retroactively on collateral review; and (3) whether the enumerated list of "crimes of violence" in Application Note 1 to U.S.S.G. § 4B1.2 remains valid after *Johnson*.  *See* Mot. to Stay (Dkt. No. 49) at 3; Brief of Petitioner at 2, *Beckles v. United States*, No. 15-8544.  The Supreme Court heard argument in *Beckles* on November 28, 2016.  Mot to Stay at 3; Opp'n (Dkt. No. 51) at 1.

Defendant opposes a stay of these proceedings.  Dkt. No. 51.  According to defendant, he has served more than 26 months of his sentence, and if his 28 U.S.C. § 2255 motion is successful, "his presumptive advisory guideline range would be reduced to 24-30 months."  Opp'n at 1. Defendant contends that if his § 2255 motion is not resolved, "he is likely to serve more than 30 months' imprisonment reducing any potential benefit from a § 2255 motion."  *Id.*  The government has not offered a calculation of defendant's post-*Johnson* guideline range in its

1 motion. The Court will, only for purposes of ruling on the motion to stay, assume that defendant
2 is correct.

3 Defendant has been in federal custody since October, 2014. Opp'n at 1 n.1. Not
4 accounting for good-time credits, he has already served more than 26 months in prison, which, by
5 the time a decision is reached in *Beckles*, could fall outside the post-*Johnson* Guidelines range of
6 24-30 months. *Id.* at 1. Thus, on the present record, defendant has shown a fair possibility that he
7 will be prejudiced by a stay of the proceedings pending a decision of the Supreme Court in
8 *Beckles*. This reasoning accords with prior orders of this Court; this Court denied a stay where
9 defendant's anticipated release date was December 14, 2016, and granted a stay where defendant's
10 anticipated release date was August 26, 2021. *See USA v. Bernard*, 12-cr- 00780-SI, Dkt. No. 41;
11 *USA v. Nottingham*, 14-cr-00553-SI, Dkt. No. 33.

12 Given the liberty interest at stake, the Court denies the request for a stay. Defendant's
13 reply to the government's opposition to his § 2255 motion is **due by January 20, 2017.**

14 This order resolves Dkt. No. 49 in 14-cr-00576-SI-1.

16 **IT IS SO ORDERED**.

17 Dated: January 12, 2017

_____
SUSAN ILLSTON
United States District Judge