UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>DENZEL ANDERSON,<br>    Defendant. | Case No. 14-cr-00576-SI-1<br><br>**ORDER DENYING DEFENDANT'S RULE 36 MOTION TO CORRECT CLERICAL ERROR**<br>Re: Dkt. No. 70 |

Currently before the Court is defendant's Rule 36 motion to correct a clerical error. Dkt. No. 57. The Government filed its opposition on January 11, 2018. Dkt. No. 62. Defendant filed his reply and amended reply on March 25, 2018. Dkt. No. 66-67. Having considered the papers submitted, and the arguments of counsel, the motion is DENIED WITHOUT PREJUDICE for the reasons set out below.

Rule 36 provides that a court may "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Here, defendant contends that he has been denied appropriate credit for presentencing time served in federal custody and asks the Court to credit him 439 days. The Government argues that the Court does not have jurisdiction over defendant's complaint, and that defendant received credit against his state case for the time he spent in custody prior to federal custody.

This Court does not have authority to order the Bureau of Prisons to issue credit for time served. *See United States v. Wilson*, 503 U.S. 329, 332-33 (1992) (holding that under 18 U.S.C. § 3585(b), the attorney general, rather than the district court, computes the length of an inmate's sentence). A defendant "must commence serving his and exhaust his administrative remedies

before he can petition for judicial review of the Attorney General's denial (if any) of credit for time served. . . ." *United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992).

Accordingly, defendant must exhaust his administrative remedies pursuant to 28 C.F.R. §§ 542.13-17 before this Court may review defendant's claim. If defendant exhausts his administrative review without relief, he may then file a 28 U.S.C. § 2255 habeas corpus petition with the Court.[1]

Based on the foregoing reasons, defendant's Rule 36 Motion to Correct Clerical Error is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

Dated: June 1, 2018

_____
SUSAN ILLSTON
United States District Judge

---

[1] Because defendant has previously filed a section 2255 petition with the Court, the defendant must receive certification from the Ninth Circuit Court of Appeals before this Court can hear the petition. *See United States v. Lopez*, 577 F.3d 1053, 1056 (9th Cir. 2009).