DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

NIKHIL BHAGAT (CABN 279892)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7193
    FAX: (415) 436-6982
    nikhil.bhagat@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DENZEL ANDERSON,<br><br>    Defendant. | Case No. CR 14-576 SI (TSH)<br><br>[~~PROPOSED~~] **ORDER OF DETENTION PENDING FINAL HEARING ON ALLEGATIONS OF VIOLATIONS OF SUPERVISED RELEASE** |

    On April 7, 2020, defendant Denzel Anderson appeared before the Court for an initial appearance after being arrested on a warrant issued as a result of a petition alleging that he violated certain terms and conditions of supervised release. The United States moved for his detention pending the final disposition of the allegations against him. The Court held detention hearings on April 7 and April 8, 2020.

    At the hearings, counsel for the defendant and counsel for the Government submitted proffers and argument on the issue of detention and what conditions, if any, would reasonably assure the appearance of the defendant as required and the safety of the community. The Court considered those proffers and arguments, as well as information received from the defendant's supervising probation officer, as well as the information contained in the Second Amended Petition for Arrest Warrant for Offender Under Supervision (ECF No. 91).

Under Federal Rule of Criminal Procedure 32.1(a)(6), the Court must release or detain a person who is alleged to have violated conditions of supervised release pursuant to Title 18, United States Code, Section 3143(a)(1). Under Section 3143(a)(1), the judicial officer conducting the hearing "shall order" that the person be detained, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community" if released. The defendant bears the burden of demonstrating that he will not flee or pose a danger to any other person or to the community. Fed. R. Crim. P. 32.1(a)(6).

This written order supplements the Court's findings and oral order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).

In addition to those findings made on the record, the Court finds the following:

(1) On or about April 16, 2019, the Honorable Susan Illston directed the issuance of a warrant for the defendant's arrest based on allegations of violations of supervised release. Mr. Anderson subsequently appeared before a Magistrate Judge and was ordered to reside in a halfway house for up to 120 days, at the direction of the probation officer.

(2) On June 8, 2019, the probation officer permitted Mr. Anderson to reside with his father. On June 14, 2019, the probation officer learned that he was not living at his father's residence. On June 24, 2019, Judge Illston modified the terms and conditions of release to require Mr. Anderson to reside at a halfway house for up to 180 days at the direction of the probation officer.

(3) On August 9, 2019, the probation officer informed Judge Illston that Mr. Anderson was not complying with the conditions of his release.

(4) On August 20, 2019, Mr. Anderson was terminated from the halfway house for violating the rules of conduct.

(5) On August 30, 2019, Mr. Anderson appeared before Judge Illston; Judge Illston modified the terms and conditions of his release to include up to 120 days of location monitoring.

(6) On September 3, 2019, Mr. Anderson was fitted with a location monitoring device. On September 4, 2019, Mr. Anderson unplugged the base unit of the location monitoring

equipment and did not respond to calls from his probation officer or the location monitoring officer.

(7) On October 4, 2019, Mr. Anderson failed to appear for a status conference before Judge Illston.

(8) On March 5, 2020, Mr. Anderson was in a vehicle bearing stolen license plates then fled from the San Francisco Police Department. Officers later recovered a pistol from inside the vehicle.

In light of the foregoing, the Court finds that the defendant has not shown by clear and convincing evidence that he will not flee or pose a danger to any other person or the community, and further finds that no conditions or combination of conditions will reasonably assure his appearance as required or the safety of any other person and the community.

For these reasons, pursuant to Title 18, United States Code, Section 3142(i),

IT IS HEREBY ORDERED that the defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 10th, day of April, 2020.

THE HONORABLE THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE

ORDER OF DETENTION
CR 14-576 SI (TSH)                                3